MEMORANDUM OF DECISION
This case is a petition brought by the Commissioner of the Department of Children and Families (DCF) to terminate the parental rights of Carol A., who is the biological mother of Samantha D., born on August 1, 1996. For the reasons stated below, the court grants the petition. CT Page 8959
This case was scheduled for trial before this court on March 12, 2001. On the day of trial, the respondent mother entered her written consent to termination of her parental rights. After canvassing her, the court determined her decision to do so was made knowingly, voluntarily, and with effective assistance of counsel. The court accepted the consent, but at her request and with the consent of DCF agreed to withhold termination of her parental rights pending outcome of the termination trial as to the respondent father. The court further agreed to consider a motion to withdraw that consent should the court not terminate the parental rights of the biological father. The court then granted the petitioner's motion to modify the petition to allege consent as a statutory grounds for termination of her parental rights.
The court has this day issued a decision terminating the parental rights of Samantha's biological father. At the time of trial on March 12, 2001, Samantha was four years old. She has been in foster care for much of her life since she was fourteen months old, when she was first removed from her parents' custody (in October 1997). The court takes judicial notice of the contents of its own files and finds that on May 26, 1999, the court, Mack, J., granted a DCF motion to revoke Samantha's commitment to DCF and returned Samantha to her mother's care under an order of protective supervision; but only a month later DCF petitioned the court to modify that order to return her to DCF custody on the grounds that her mother had not followed DCF recommendations. On September 9, 1999, the court, Mack, J., again committed Samantha to DCF custody, where she has remained since. As of the adjudicatory date, she had been in two foster homes, and some time in early 2000 DCF placed her in a pre-adoptive foster home. (Pet. Ex. 5 at 8.)
At her young age, however, after having spent twenty-two of the first thirty-eight months of her life in foster care as of the adjudicatory date, and fifteen more months in foster care between the adjudicatory date and the time of trial, Samantha needs a stable and permanent home. The court therefore finds by clear and convincing evidence that it is the best interest of Samantha to terminate the parental rights of her mother, the respondent here. The court makes this finding in consideration of Samantha's need for a secure and permanent environment and the totality of circumstances existing in this case.
The court, accordingly orders that the parental rights of Carol A. are hereby terminated as to Samantha D.
Further orders of termination are contained in a separate order available to both parents and their counsel. CT Page 8960
BY THE COURT
STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT CHILD PROTECTION SESSION